**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**
MIAMI DIVISION

"IN ADMIRALTY"

CROWLEY MARITIME CORPORATION,

    Plaintiff,

vs.                                                                                  CASE NO.:

MARICAR LOGISTICS N.V.,
d/b/a COMPLETE LOGISTICS N.V.,

    Defendant.

_____/

## COMPLAINT

    Plaintiff, CROWLEY MARITIME CORPORATION (hereinafter referred to as "CROWLEY"), by and through its undersigned counsel files herewith this Complaint against Defendant, MARICAR LOGISTICS N.V., d/b/a COMPLETE LOGISTICS N.V. (hereinafter referred to as "COMPLETE") and for cause of action *in personam* states as follows:

### JURISDICTION

1. This Court has subject matter jurisdiction in accordance with 28 U.S.C. Section 1333(1) and the principles of supplemental jurisdiction outlined in 28 U.S.C. Section 1367(a). The Plaintiff is seeking to enforce rights contained in maritime contracts, making this an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

### VENUE

2. Venue in this district is proper. A substantial part of the events giving rise to the claims asserted by Plaintiff occurred within the territorial limits of the United States District Court for the Southern District of Florida, namely Port Everglades, Florida and PortMiami. Furthermore, upon information and belief, COMPLETE maintains an office and/or agent for transaction of its customary business at 6750 N.W. 79th Avenue, Miami, Florida 33166.

### THE PARTIES

3. CROWLEY MARITIME CORPORATION is a highly diversified marine solutions, transportation and logistics company with a principal place of business in Jacksonville, Florida. As the parent company of SEAPACK, INC., CROWLEY LOGISTICS, INC., and CROWLEY LATIN AMERICA SERVICES, LLC, Plaintiff is fully authorized to bring this action.

4. Upon information and belief, MARICAR LOGISTICS, N.V., d/b/a COMPLETE LOGISTICS, N.V., is a company registered in Aruba that routinely engages in international logistics and cargo transportation services.

## GENERAL ALLEGATIONS

5. On or about March 1, 2011, SEAPACK, INC.(hereinafter referred to as "SEAPACK") and COMPLETE entered into the Agency Agreement (hereinafter referred to as "Agency Agreement") attached as Exhibit "A". Said Agency Agreement governs a wide range of transportation services that are directly related to maritime commerce, including, but not limited to, the stripping of cargo containers, storage of goods and collection of ocean freight for goods transported by Plaintiff aboard ocean vessels between ports in the mainland United States and Aruba.

6. CROWLEY completed a purchase sale agreement to acquire SEAPACK, a Non-Vessel Operating Common Carrier (NVOCC) that performs logistics, warehousing and shipping services on or about November 2, 2015.

7. From November 2016 through and including June 2017, CROWLEY, a Vessel Operating Common Carrier (VOCC), transported goods aboard ocean vessels from the mainland United States to Aruba and delivered said cargo to COMPLETE. Each and every shipment at issue in this proceeding was made after CROWLEY acquired SEAPACK.

8. Copies of the invoices prepared by CROWLEY for the shipments outlined in the preceding paragraph and forwarded to COMPLETE in the normal course of business are attached as Composite Exhibit "B".

9. Paragraph 5 of the Agency Agreement holds COMPLETE liable for the collection of all collect freight charges.

10. The Agency Agreement requires COMPLETE to remit all monies collected on behalf of SEAPACK on a monthly basis (no more than 21 days into the following month). See Exhibit "A" – Paragraph 6.

11. After application of all commissions and credits owed to Defendant, COMPLETE has failed and refused to remit $97,251.53 in ocean freight and related charges owed to Plaintiff despite repeated demands for the payment of said balance.

12. Due to Defendant's failure to pay the outstanding ocean freight and related charges by the due date, COMPLETE is liable for the payment of interest at the highest rate allowed by Florida state law. See Composite Exhibit "B".

## COUNT I – BREACH OF CONTRACT
(Agency Agreement)

13. CROWLEY repeats and realleges the allegations set forth in Paragraphs 1 through 12 as if fully

set forth herein.

14. On or about March 1, 2011, a valid contract was formed when the Agency Agreement annexed as Exhibit "A" was executed by SEAPACK and COMPLETE.

15. CROWLEY, together with its subsidiary SEAPACK, performed its contractual obligations, as well as all conditions precedent necessary to bring this action, by transporting cargo from the mainland United States to Aruba and delivering said goods to COMPLETE in accordance with the Agency Agreement.

16. COMPLETE committed a material breach of Paragraph 6 of the Agency Agreement by failing to remit ocean freight and related charges owed to Plaintiff by the 21st day of the following month after collection.

17. Plaintiff has suffered damages in the amount of $97,251.53.

WHEREFORE, Plaintiff, CROWLEY MARITIME CORPORATION, respectfully requests for this Court to enter judgment against Defendant, MARICAR LOGISTICS N.V., d/b/a COMPLETE LOGISTICS, N.V., for damages in the amount of $97,251.53, interest, taxable costs and disbursements of this action and any other and further relief as may be just and proper under the circumstances.

### COUNT II – BREACH OF CONTRACT
(Bill of Lading/Invoice No.: PTYN8M000306)

18. CROWLEY repeats and realleges the allegations set forth in Paragraphs 1 through 4 as if fully set forth herein.

19. On or about March 1, 2018, a valid contract was formed when CROWLEY agreed to transport goods from Manzanillo, Mexico to Aruba in exchange for the agreed ocean freight and related charges outlined on Bill of Lading No. PTYN8M000306 to be paid by COMPLETE. See Exhibit "C".

20. The Terms and Conditions that apply to ocean bills of lading issued by CROWLEY are annexed as Exhibit "D".

21. CROWLEY performed its contractual obligations, as well as all conditions precedent necessary to bring this action, by transporting goods from Manzanillo, Mexico to Aruba and delivering said cargo to COMPLETE, the named consignee.

22. COMPLETE committed a material breach of Paragraph 21 of the ocean bill of lading contract attached as Exhibit "D" by failing to compensate CROWLEY for the ocean freight and related charges earned by the carrier.

23. In accordance with Paragraph 21 of the Bill of Lading contract, CROWLEY is entitled to recover all costs of collection, including reasonable attorney's fees and expenses.

24. CROWLEY has suffered damages in the amount of $2,301.00.

WHEREFORE, Plaintiff, CROWLEY MARITIME CORPORATION, respectfully requests for this Court to enter judgment against Defendant, MARICAR LOGISITICS N.V., d/b/a COMPLETE LOGISTICS N.V., for damages in the amount of $2,301.00, attorney's fees in accordance Paragraph 21 of the bill of lading contract, interest, taxable costs and disbursements of this action and any other and further relief as may be just and proper under the circumstances.

## COUNT III – UNJUST ENRICHMENT

25.  CROWLEY repeats and realleges the allegations set forth in Paragraphs 1 through 12 as if fully set forth herein.

26. CROWLEY has conferred a benefit on COMPLETE by allowing Defendant to act as its agent/receiver of cargo in Aruba and authorizing Defendant to collect ocean freight charges on its behalf. COMPLETE had knowledge the CROWLEY was transporting cargo from the mainland United States to Aruba under freight collect terms.

27. COMPLETE voluntarily accepted and retained the cargo shipped by Plaintiff, as well as the ocean freight collected from the customers.

28.  The circumstances are such that it would be inequitable for Defendant to retain the ocean freight charges collected for the shipments made by CROWLEY without paying the value of the transportation services to Plaintiff.

29. COMPLETE has been unjustly enriched at the expense of Plaintiff by collecting ocean freight charges earned by the carrier without providing compensation to CROWLEY.

30. CROWLEY is entitled to damages as a result of Defendant's unjust enrichment.

WHEREFORE, Plaintiff, CROWLEY MARITIME CORPORATION, demands monetary damages against MARICAR LOGISTICS N.V., d/b/a COMPLETE LOGISTICS N.V., for unjust enrichment and such other relief that this Court deems just and proper.

Respectfully submitted at Miami, Florida this 12th day of February, 2019.

> DEE M. DOLVIN, P.A.
> *Attorney for Plaintiff*
> P.O. Box 310424
> Miami, Florida  33231
> Telephone:  (305) 318-1919
> E-mail:  Dee@DeeMDolvin.com
>
> By:__/s/ Dee M. Dolvin_____
>      DEE M. DOLVIN
>      Florida Bar No.:  707491